**103-15** <u>Court of Criminal Appeals</u>

→ <u>Trial cause # F-95-72894-HV</u> ✓

The State of Texas

The State of Texas
VS

FILED IN
COURT OF CRIMINAL APPEALS

JAN 30 2015

Abel Acosta, Clerk

In The 292nd Judicial District Court of Dallas Texas County Pd # ████████

Jimmy Johnson T.D.C # 727145

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 22 2015

Abel Acosta, Clerk

<u>Amended Petition For Discretionary Review</u>
<u>Rule 68.1 - 68.11</u>

ORIGINAL

<u>To The Honorable Judge of Said Court:</u>

The <u>Appellant Jimmy Johnson</u> Argue And Request For Permission to File this <u>Subsequent Petition For discretionary</u> that have Been Filed to the <u>Court of of Appeals 5th District of Dallas Tx</u> on 12-24-2014 See Motion to File For A Stay, Motion to Consolidate Appeals, Motion to Extend time For Reconsideration in Rule 10.5.b And Motion For Rehearing on my Amended Motion For leave to File Brief And oral Argument in Rule 38.1(h) And Motion to File For A New Trial And New Punishment hearing on Request For Appointed counsel because I Am indigent to Argue that my life Sentence is illegal And void And Also that I was deprived A Fair And impartial trial From Jury Misconduct For disposition Related to merits on All other claims, on Request For Free Statement of Facts in Rule 20.1 - 20.2 And Rule 38.1(g) For Finding of Facts And Conclusion of law And Under Brady Material 373 U.S. 83 (1963) The Prosecutor's Misconduct has An Affirmative duty to turn over exculatory And impeachment evidence Against Abuse of discretion See Rule 44.2(b) And Rule 606(b) with Rule 609(b) See Rule 68.2(a)(b)(c) see Also Rule 50 For

1 - Reconsideration,

Rule 68.3 Where to File, Rule 68.4 Contents of Petition Rule 68.5 length of Petition and Reply, Rule 68.6 Non Conforming Petitions, Rule 68.7 Court of Appeals Clerk duties, Rule 68.8 Court of Criminal Appeals Clerk duties on Receipt of Petition of Petition, Rule 68.9 Reply, Rule 68.10 Amendment and Rule 68.11 Service on State Prosecuting attorney in Rule 9.5 for Reason Granting Review in Rule 66.3 and documents to Aid decision in Rule 66.4 or Tex. R. App. 49.9. The Appellant Johnson Argue A Preponderance of newly discovered evidence demonstrates that out for violation of the United States Constitution, no Rational Juror would have convicted me Against A 1st degree murder when the trial court erred in failing to submit to the Jury the issue of whether I was Guilty of second-degree felony murder Rather than 1st degree murder when my Trial Counsel Russ Henrichs failed to object and Request for A lesser included offense and Give An instructed verdict Against trial court failure to submit to the Jury's the issue Regarding the Assessment of Punishment within Range of A second degree felony between 2-20 years and Also secondly my Trial Counsel Russ Henrichs failed to object Against my Prior Convictions and extraneous offenses when the state offered into evidence testimony that I had sexually Abused my step daughter while she had been a child. Such testimony was not Relevant to my case And Also, the Prejudicial effect of such testimony substantially and Probative value, the Primary offense was enhanced

with one prior felony conviction see (R-I-5) on (8-22-1995) the Jury found me Guilty of the offense of Murder see (R.-VI-294). The Punishment hearing was held on 8-23-1995 see R.-VII- 329 et. seq. My plea to the enhancement paragraph was not true see (R.-VII-336). The Jury found my enhancement paragraph and extraneous offenses true and assessed punishment at life confinement and a $10,000 fine see (R.-VIII-401). My trial counsel Russ Henrichs failed to also object against the affirmative finding use at the punishment hearing of a deadly weapon, namely a firearm is insufficient, and request for the trial court and court of criminal appeals to consider my motion to set aside and Quash an fundamental defective indictment, when the state and my trial counsel failed to submit ballistic D.N.A. finger prints test from the murder weapon would prove at hearing that the state never proved that I possed the murder weapon at trial see (R. VIII-403). The state failed to prove the element of the offense, beyond a reasonable doubt and I should have been convicted of a 2nd degree felony and my life sentence is illegal and void. The Appellant Johnson argue that I was denied a fair and impartial trial from my trial counsel Russ Henrichs violating my 6th and 14th Amendment Rights. The prior enhancement paragraphs and extraneous offenses are over 10 year old are no longer true to use

3-

As Punishment and Trial Court Abuse their discretion. see C.C.P. Article 36.19 and Rule 44.2(a) with Rule 404(b) and 609(b). the conviction while infirm due to ineffective Assistance of Counsel is Facially still Available For Such use, but here the Infirmity is called to the attention of the Trial Court. The Appellant Johnson object on the Grounds of effective Assistance of Counsel Against Prior enhancement Paragraphs and extraneous offenses and in support of my Brief From the Prior convictions and extraneous offenses Along with A copy of the court Opinion Affirming the conviction. A conviction had with the attorneys Rendering ineffective Assistance is constitutionally infirm. The Appellant Johnson Argue that I was convicted unlawfully on 8-23-1995 and timely Notice of Appeal was Filed on 8-24-1995 See (R-I-62). The Appellant Johnson New Trial and I Am entitled to Remand of my cause In order to Recommenced the time Period for Filing Motion to Abate Appeal and leave to File out of time Motion For A New Trial For Relief In Rule a And Rule 43.6 and enter into evidence an objection Against Court of Appeals For the 5th District of Dallas Tx Justices Affirming my Direct Appeal In case # 05-95-01249-cr on 7-15-1997. When A Motion For A New Trial is not Filed In A case, the Rebuttable Presumption For Purpose of claim of ineffectiveness of counsel is that it was considered by me and Rejected, and

without doubt the hearing on a *Motion For A New Trial is a critical stage of the proceedings.* It is the only opportunity to the trial court on certain matters that may warrant a new trial, and to make a record on those matters for appellate review. When counsel abandons a defendant during a *30 days* period, the defendant is denied his constitutional rights. Both the *United State Supreme Court Rule 59* and *Court of Criminal Appeals* have acknowledged that with some 6th amendment violation such as the actual or constructive denial of counsel, altogether at a critical stage of the criminal proceedings, prejudiced is presumed, See *Velencia vs State 946 S.W. 2d. At 81* In Reviewing attorneys assistance, a court must examine the totality of the representation, require a showing that counsels representation fell below an objective standard of reasonableness and that the deficient performanced prejudiced the defense to the degree that there is a reasonable probability that but for the attorney deficiency, the result of my trial and appeal would have been different. The *Appellant Johnson argue* also that my *Appellate counsel John Hagler* failed to raised that my *trial counsel Russ Henrichs did* not request for a mistrial would have also been grounds for a *motion for a new trial* see motion in arrest of judgment. Motion to set aside verdict and in the interest of justice in State vs *Mullin vs State 37 Tet. 337-339-340 (1872-73)* and in the interest of justice in State vs *Gonzales 855 S.W.*

2d. 692 Tex. Crim. APP. (1993), in light of this Newly discovered evidence, No Rational Juror would have convicted me Against 1st degree murder And that I am unlawfully Restrained and confined Beyond A Reasonable doubt, in determining the legal sufficiency to view the evidence in light most favorable to the verdict, to determine whether Any Rational trier of facts could have found the essential element of the offense Beyond A Reasonable doubt See JACKSON VS VIRGINIA 443 U.S. 307, 319 S.Ct. 2781, 2789, 61, L.Ed. 2d. 560 (1979) And BRRE VS STATE 206 S.W. 3d At 143 the Appellant Johnson Argue that I Am entitled to one Appeal As of Right As mandated By the Supreme Court of the United States See Douglas VS California 372 US 353, 83, S.Ct. 814, 9 L.Ed. 2d 811 (1963) Further the 6th And 14th Amendment of the United States Constitution mandate the Appellant Johnson Received effective Assistance of Counsel On my 1st Appeal be dismissed For failure to Comply with A State Appellate Rules, Such Appeal must be Remanded to the State court of Appeals For A full hearing of the merits of the Appeal See EVitt VS Lucey 469 U.S. 387, 105 S.Ct. 830, 83, L.Ed. 2d 821 (1986) And to Remand For A New Trial And New Punishment hearing under C.C.P. Article 44.29 And C.C.P. Article 37.07 § 2(b) And 3 On Relief For An evidentiary hearing See Rule 48.1 And C.C.P. Article 44.01 (a)(2) Against my illegal And void life sentence

6—

Certificate of Service Rule 9.5
Rule 2 Suspension of Rules

The Appellant Jimmy Johnson verify the statement made in this Amended Affidavit of inability to Pay court costs and initial Filing fees without Prepayment of fees to File Petition For Discretionary Review under Rule 68.1 - 68.11 is true and correct under the Penalty of Perjury See 28 U.S.C. 1746 For Purpose of Mail Box Rule 4(c) 1,2, 3(d) For the original and copies of records in Rule 9.3(b), Rule 50. Also Rule 34.5(c), Rule 34.6(c)(4), Rule 35.3(b)(3) and Rule 52.7 For Service in local Rule 10, 11, 12 (c) and Benefits.

1-13-2015
Date

Jimmy Johnson
Appellant Signature

7-

| | | |
|---|---|---|
| The State of Texas | § | In The 292nd Judicial |
| | § | |
| Vs | § | District Court of |
| | § | |
| Jimmy Johnson, TDC# 727145 | § | Dallas County, Tx |
| | § | |
| | § | PD# ~~██████████~~ |
| | § | |
| | § | Trial Cause: F-95-72894-HV |
| | § | |
| | § | |

Amended Motion For Leave
to File Brief and (ORAl Argument) in Rule 38.1(h)

**To The Honorable Judge of said court:**

The **Appellant Jimmy Johnson,** argue and request for permission
to appeal and file this brief for an oral argument in **rule 38.1(h)**
and under **rule 68.11** and **rule 9.5** service of the petition, the
reply and any amendment or supplementation of a petition or
reply must be made on the **state prosecuting attorney at P.O.
Box 12405, Austin, TX 78711** for reason for granting review under
**rule 66.3(a)-(f)** and documents to aid decision in **rule 66.4** or
**rule 49.9.** The **Appellant Johnson** argue that I am indigent and
request for appointment counsel to argue that my life sentence
is illegal and void and also that I was ~~devied~~ *dePRIved* a fair and impar-
tial trial and request for want of jurisdiction against my sub-
sequent **petition for discretion review** filed and pending in
the **Court of Criminal Appeals** under **rule 68.1 - 68.11** for dispo-
sition related to merits on a **new trial motion and for a new**

− (1) −

**punishment hearing** and request for free statement of facts in **rule 20.1 – 20.2** and **rule 38.1(g)** is unable to pay court costs in this affidavit and initial filing fee without prepayment of fees to present issues or points of error in **rule 38.1(e),** because the **Court of Appeals 5th District of Dallas, Tx Justice David L. Bridges** order that the court has before it appellant's **on 12/2/2014** pro-se amended **Motion For Leave to File For Rehearing** which was construe as a **Motion For Rehearing** from dismissal of my appeal for want of jurisdiction as stated in the court opinion, appellant **11/12/2014** Amended notice of appeal was untimely as to the the **8/24/1995** sentence date and the court has no jurisdiction to grant an out of time appeal and my motion for a rehearing was denied on **12/15/2014** and the **Appellant Johnson file his petition for discretionary** to **Court of Appeal 5th District of Dallas, Tx on 12/24/2014** to transfer to the **Court of Criminal Appeals** against summary of arguments, from cross points in **rule 38.2(b),** for a reply brief in **rule 38.3,** see breif limit of 90 pages in **rules 38.4,** see **appendix in cases** recorded electronically in the trial court in **rule 38.5** for time to file brief in **rule 38.6(a)** with **motion to extend time for reconsideration in rule 10.5(b)** to amend and supplement in **rule 38.7** for disposition related to merits on all other claims on failure of appellant to file brief in **rule 38.8(b), 2, 3, 4** because breif are meant to aquaint the court with the issue in a case and to present argument that will enable the court to decide the case **rule 38.9** for finding of facts and conclusion of law and under **Brady material 373 U.S. 83(1963)** The prosecuter's has an affirmative duty to turn over exculpatory and impeachment evidence against abuse

of discretion in **rule 44.2(b)** on jury misconduct in **rule 606(b)** and **rule 609(b)** The **appellant Johnson** argue that a preponderance of newly discovered eividence demostrates that but for a violation of the United States Constitution, no rational juror would have convicted me against a 1st degree murder when the trial court erred in failing to submit to the jury the issue of whether I was guilty of second-degree felony murder rather than 1st degree murder when my **trial counsel Russ Hendrichs** failed to object and request for a lesser indicted offense and give an instructed verdict against the trial court failure to submit tothe jury's the issue regarding the assessment of punishment within range of a second degree felony between **2-20 years** and also secondly my **trial counsel Russ Hendrichs** failed to object against my **prior convictions and extraneous offenses** when the state offered into evidence testimony that I had sexually abused my step-daughter while she had been a child. Such testimony was not relevant to my case and also, the prejudicial effect of such testimony substantially and probative value, the primary offense was enhanced with one prior felony conviction, see **(R-I-5)** on **8/22/(1995)** the jury found me guilty of the offense of murder, see **(R.-VI-294)**. The punishment hearing was held on **8/23/1995** see **R.VII-329 et.seq.).** My plea to the enhancement paragraph was not true, see **R.-VII-336).** The jury found my **enhancement paragraph and extraneous offenses** true and assessed punishment at life confinement and a **$10,000** fine, see **(R.VIII-401).** My **trial counsel Russ Hendrichs** failed to also object against the affirmative finding use at the punishment hearing of a deadly weapon, namely a firearm is insufficient, and request for the

- (3) -

trial court and Court of Criminal Appeals to consider my **motion to set asside and quash an fundiimental defective indictment,** when the state and my trial counsel failed to submit **ballistic D.N.A.** fingerpirnts test from the murder weapon would prove at hearing that the state never proved that I possed the murder weapon at trial, see **(R.VIII-403)**. The state failed to prove the element of the offense beyond a reasonable doubt and I should have been convicted of a **2nd degree felony** and my life setence is illegal and void. The **appellant Johnson** argue that I was denied a fair and impartial trial from my **trial counsel Russ Hendrichs** violating my **6th and 4th amendment rights.** The **prior enhancement paragraphs and extraneous offenses** are over **10-years old** are no longer true to use as punishment and **trial court** abuse their discretion under **rule 404(b)** and **rule 609(b)**. The conviction while in firm due to ineffective assistance of counsel is facially still available for such use, but here the infirmity is called to the attention of the trial court. The **appellant Johnson** object on the grounds of effective assistance of counsel against prior enhancement **paragraphs and extraneous offenses** and in support of my brief from the prior convictions and extraneous offenses along with a copy of the court opinion affirming the conviction, a conviction had with the attorney's rendering ineffective assistance is constitutionally infirm. The **appellant Johnson** argue that I was convicted unlawfully on 8/23/1995 and timely **notice of appeal** was filed on 8/24/1995, see **(R.I-62)**. The appellant Johnson argue that I was **appointed appellant counsel John H. Hagler,** see **Jack vs State, 64 S.W. 3d at 694** and I was not represented by him during the **30 days** period in which to file a **Motion For a**

New Trial and I am entitled to remand of my cause in order to recommence the time period for filing **Motion to Abate Appeal and Leave to File out of Time Motion For a New Trial** for relief in **rule** 2 and **rule 43.6** and enter into evidence an **O**bjection against **Court of Appeals for the 5th District in Dallas, Tx Justices** affirming my direct appeal in **case# 05-95-01249-CR** on **7/15/1997.** When a **motion for a new trial** is not filed in a case, the rebuttable presumption for purpose of claim of ineffectiveness of counsel is that it was considered by me and rejected and without doubt the hearing on a **motion for a new trial** is a critical stage of the proceedings. It is the only opportunity to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review. When caounsel abandons a defendant during a **30 days** period, the defendant is denied his constitutional rights. Both the **United States Supreme Court rule 59.1 or 59.2 and Court of Criminal Appeals** have acknowledged that with some **6th Amendment violation** such as the actual or constructive denial of counsel altogether at a critical stage of the criminal proceedings, prejudiced is presumed, request for an *EN* banc reconsideration in **rule 41(c)** to remand for a new punishment hearing see **Velencia vs State, 946 S.W. 2d at 81** in reviewing attorneys assistance a court must examine the totality of the representation require a showing that counsels representation fell below an **O**bjective standard of reasonableness and that the deficient performance prejudiced the defense to the degree that there is a reasonable probability that but for the attorney's deficiency, the result of my trial and appeal wouldhave been different. The **appellant Johnson** argue

also that my **appellate counsel John Hagler** failed to raised that my **trial counsel Russ Hendrichs** did not request for a mis-trial would have been grounds also for a **Motion For a New Trial** see **Motion to File For a Stay, Motion to Consolidate Appeals** and **Motion For Rehearing** against **Motion in Arrest of Judgment** and **Motion to Set Asside Verdict** in **Mullun vs State, 37 Tex. 337, 339-340(1872-73).** And in the interest of Justice in **State vs Gonzales, 855 S.W. 2d. 692 Tex.Crim.App.(1993),** in light of this newly discovered evidence, no rational juror would have convicted me against an **1st degree murder** and that I am inlawfully restrain-ed and confined beyond a reasonable doubt, in determining the legal sufficiency to view the evidence in light most favorable to the verdict, to determine whether any rational trier of facts could have found the esssential element of the offense beyond a reasonable doubt, see **Jackson vs Virginia, 443 U.S. 307, 319, Sct. 2781, 2789, 61, L.Ed. 2d. 560(1979)** to remand for a new trial and new punishment hearing under **C.C.P. Article 37.07 2(b)** and 3 with **C.C.P. Article 44.29** on relief for an evidentiary hearing see **rule 48.1,** see **Article 44.01(a)(2).**

___1-13-2015___
date

_Jimmy Johnson_
appellate signature

### Certificate of Service Rule 9.5
### Rule 2 Suspension of Rules

The **Appellant Jimmy Johnson** verify the statement made in this **Amended Affidavit of Inability to pay Court costs and Initial Filing Fees without** prepayment of fees to file **Motion For Leave to File Brief and For an oral Arguement in Rule 38.1(h)** is true

and correct under the penalty of perjury see **28** U.S.S. 1746 for purpose of **Mailbox rule 4(c)** 1, 2, 3, **(d)** For the original and copies of records in **rule 9.3(b), rule 34.5(c), rule 34.6(c)(4)** and **rule 35.3(b)(3)** for service in **local rule 10, 11, 12(c).**

1-13-2015
_____
date

*Jimmy Johnson*
_____
appellant/signature

The State of Texas                       §        In The 292nd Judicial

                                         §
Vs                                       §        District Court of
                                         §
Jimmy Johnson, TDC# 727145               §        Dallas, TX
                                         §
                                         §        PD# ~~█████████~~
         §                               §
                                         §        Trial Cause: F-95-72894-HV
                                         §

### Amended Motion to File For a New Trial

### in Rule 21.9(a)-(d)

**To The Honorable Judge of said court:**

The **Appellant Jimmy Johnson** argue and request for permission to appeal and file this **Motion For a New Trial** for a subsequent Review to Remand for a new punishment hearing against my **illegal life sentence** against jury misconduct and denial of a fair and impartial trial under rule 606(b) see **Motion to File For A Stay, Motion to Consolidate Appeals, Motion to Extend Time For Reconsideration in rule 10.5(b)** and **Motion For Rehearing** under rule **68.11** and **tule 9.5,** service of the petition, the reply and any amendment or supplementation of a petition or reply must be made on the **state prosecuting attorney,** because the State must object to an amended **motion to new trial** if it is filed more than **30 days** after the date of sentence was imposed or the trial court may grant it; see **State vs Moore, 225 S.W. 3d.556 Tex.CrimApp.(2007).** A defendant unsworn declaration accompanying my motion ~~that~~ use the phrases according to my brief and under

the penalty of perjury are sufficent to support a **Motion For a New Trail** see **Battm vs state, 219 S.W. 3d. 391 Tex.Crim.App.(2007)** Unsworn declaration must meet the statutory requirement of **Civil Practice and Remedies Codex 132.001** and on presenting motions a docket sheet entry without a signed order is sufficient to show presentment of a motion for a new trial filed the same day the defendant claims to have presented it to the trial court see **Stokes vs State, 277 S.W. 3d. 20 Tex.Crim.App.(2009)** againsttype of evidence allowed at hearing when there is no per-se rule that a trial court must hear testimony whenever there is a factual dispute in affidavit on a **Motion For a New Trial** and a party ask for tesimony. A trial court abuses its discretion only in failing to hold a hearing when a defendent present a **Motion For New trial** matter that may not be determine from the record, see **Holden vs State, 201 S.W. 3d. 761 Tex.Crim.App.(2006)**> On request for a hearing on a motion for new trial, is not absolute, see **Rozell vs State, 176 S.W. 3d. 228,230 Tex.Crim.App.(2005)** and **Reyes vs State, 849 S.W. 2d. 812 Tex.Crim.App.(1993)**. The defendent motion with supporting affidavit showing that error occured and present the motion to the trial couert, see **Rozell, 176 S.W. 3d. at 230,** merely filing a motion for a new trial does not constitute presentment under **rule 21.6** see, **Thompson vs State 2443 S.W. 3d. 774 Tex.App. Fort Worth 2007 Pet.Ref.** (present mean delidering the motion to the court or bring the motion to court attention, see **Baker vs State, 956 S.W. 2d. 19 Tex.Crim.App.(1997)** When the defendant must adduce facts not in the record in order to present them on appeal, he must file a **Motion For New Trial** and obtain a hearing, see **rule 21.2, rozell,** this does not apply to claims of ineffective assistance of counsel, see **Robinson**

(2)

vs State, 16 S.W. 3d. 808 Tex.Crim.App.(2000). The defendant must obtain a hearing on the motion before the **motion for new trial** overruled by operation of law, see **Rozell, Ryan vs State,** 937 S.W. 2d. 93 Tex.App. Beaumont 1996 Pet.Refd. A trial court may not grant a **motion for a new trial** based on grounds not raised in the motion, see **State vs Provost,** 205 S.W. 3d. 561 Tex.App. **Houston 14th Dist.2006 No Pet.** New trial based on ineffective assistance not available when not raised by defendant in my motion against unpreserved error when a trial judge may - but does not have to grant a new trial on the basis of unpreserved trial error, such as an unrecorded bench conference, if that error is sufficiently serious to affect the defendants substantial rights, see **State vs Herndon,** 215 S.W. 3d. 901 Tex.Crim.App.(2007) because the court reporter failed to transcribe a bench conference and defendant did not preserved error, against evidence allowed and the trial court can receive evidence in a**Motion For New Trial** by affivadit or otherwise, see **López vs State,** 895 S.W. 2d. **392 Tex.App. Corpus Christi (1994) No Pet.** The trial court must rule on, a **Motion For New Trial** within 75 **days** after imposing or suspending sentence in open court, see **rule 21.8** granting a motion for a new trial must be accompanied by written order a docket entry does not constitute a written order, see **State vs Rivehart,** 971 S.W. 2d. at 542. A motion not ruled upon timely by written order will be deemed denied. A trial court does not have authority to grant a motion for a new trial on its own motion, see **Harris vs State,** 958 S.W. 2d. at 292. After 75 **days** period expires an order granting or denying a **Motion For a New Trial** become final and the trial court cannot rescind its order see **Awadelkariem,** 971 S.W. 2d. at 721. See **rule 21.9** when a court

(3)

must grant a new trial when it has found a meritious ground for new tiral, but a court must grant only a new trial on punishment when it has found a ground that affected only the assessment of punishment, because granting a new trial restores the case to its position befo re the former trial, including, at any party option arraignment or pretrial proceeding initiated by that party on granting a new trial on punishment restores the case to its position after the defendant was found guilty, unless the defendant, the state, and trial court all agree to a change, punishment in a new trial shall be assessed in accordance with the defendant original election under C.C.P. article 37.07 2(b) and 3 along with C.C.P. article 44.29 against a finding or verdict of guilt in the former trial must not be regarded as a presumption of guilt, nor may it be alluded to in the presence of the jury that hears the case on retrial of guilt. A finding of fact or an assessment of punishment in the former trial may not be alluded to in the presence of the jury that hears the case on retrial of punishment, and to redress my whole entire case to reverse and remand for a new punishment hearing

_1-13-2015_
date

_Jimmy Johnson_
Appellant Signature

## Chapter 132
## Certificate of Service Rule 9.5
## Rule 2 Suspension of Rules

The **Appellant, Jimmy Johnson,** verify the statement made in this **Amended Motion For Leave to File Affidavit** to file **Motion For a New Trial in Rule 21.9(a)-(d)** of inability to pay court costs and initial filing fees without **prepayment of fees** is true and

(4)

correct under the penalty of perjury see **28 U.S.C. 1746** for pur-pose of **Mailbox rule 4(c)1,2,3,(d)** for the original and copies of records in **rule** 9.3(b), **rule** 34.5(c), **rule 34.6(c)(4)**, **rule 35.5(b)(3)** and **rule 52.7** for service in **local** rule 10,11,12(c) and benefits.

1-13-2015
_____
date

_____
Appellant Signature

Dismissed and Opinion Filed November 18, 2014



In The

Court of Appeals

Fifth District of Texas at Dallas

_____

No. 05-14-01453-CR
_____

JIMMY CHARLES JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F95-72894-HV

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

In 1995, Jimmy Johnson was convicted of murder. Sentence of life imprisonment and a $10,000 fine was imposed in open court on August 24, 1995. Appellant's conviction was affirmed on direct appeal. *Johnson v. State*, No. 05-95-01249-CR, 1997 WL 393191 (Tex. App.—Dallas July 15, 1997, pet. ref'd) (not designated for publication). The Court now has before it appellant's November 12, 2014 "amended notice of appeal." In the notice of appeal, appellant does not reference any new appealable order entered by the trial court. Rather, he challenges his 1995 conviction.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.*

at 523. Appellant's November 12, 2014 "amended notice of appeal" is untimely as to the August 24, 1995 sentencing date. *See* TEX. R. APP. P. 26.2(a); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

We dismiss the appeal for want of jurisdiction.


                                                    /David L. Bridges/
Do Not Publish                                      DAVID L. BRIDGES
TEX. R. APP. P. 47                                  JUSTICE
141453F.U05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JIMMY CHARLES JOHNSON, Appellant

No. 05-14-01453-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F95-72894-HV.
Opinion delivered by Justice Bridges, Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered November 18, 2014.